**UNITED STATES of America**

v.

**Frederick H. BANKS, Appellant**

No. 17-2775

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 February 1, 2018

(Opinion filed: February 9, 2018)

Rebecca R. Haywood, Esq., Office of
United States Attorney, Pittsburgh, PA,
for Plaintiff-Appellee

Frederick H. Banks, Pro Se

Before: JORDAN, SHWARTZ and
KRAUSE, Circuit Judges

OPINION *

PER CURIAM

Frederick Banks appeals the District
Court's order denying his petition for a
writ of coram nobis. For the reasons be-
low, we will summarily affirm the District
Court's judgment.

In 1996, Banks pleaded guilty to one
count of mail fraud and was sentenced to
four months in prison. He did not file a
direct appeal. However, he repeatedly
sought to vacate his conviction by filing
petitions for coram nobis. In August 2017,

Banks once again filed a petition for a writ
of coram nobis or audita querela seeking
to vacate his 1996 conviction. He contend-
ed that his plea was coerced by a postal
inspector who informed Banks that if he
did not plead guilty that Banks's sentence
would be enhanced by the monetary loss
involved in his crime.[1] Banks also asserted
that his 1996 conviction was used to in-
crease his criminal history category for
two subsequent convictions, and he would
not have pleaded guilty had he known that
could happen. The District Court denied
the petition, and Banks filed a timely no-
tice of appeal.

We have jurisdiction pursuant to 28
U.S.C. § 1291, and exercise de novo review
over legal issues arising from the denial of
coram nobis and audita querela relief. See
United States v. Rhines, 640 F.3d 69, 71
(3d Cir. 2011) (per curiam); United States
v. Richter, 510 F.3d 103, 104 (2d Cir. 2007)
(per curiam). We may take summary ac-
tion if an appeal fails to present a substan-
tial question. See 3d Cir. I.O.P. 10.6.

A writ of coram nobis is available to
challenge an invalid conviction with con-
tinuing consequences when the petitioner
is no longer in custody. Mendoza v. United
States, 690 F.3d 157, 159 (3d Cir. 2012).
However, such relief is only available for
errors for which there was no remedy at
the time of trial. Id. In addition, sound
reasons must exist for the petitioner's fail-
ure to seek relief earlier. Id. The Supreme
Court has noted, "it is difficult to conceive
of a situation in a federal criminal case
today where a writ of coram nobis would
be necessary or appropriate." Carlisle v.
United States, 517 U.S. 416, 429, 116 S.Ct.
1460, 134 L.Ed.2d 613 (1996) (internal al-
teration omitted).

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. Banks raised this argument in a prior peti-
tion filed in September 2016.

In affirming the denial of a prior petition for coram nobis, we noted that Banks had not established that sound reasons existed for his failure to raise his claim earlier than twenty years after his guilty plea. See United States v. Banks, 674 Fed. Appx. 121, 124-25 (3d Cir. 2017) (per curiam). This still holds true. Banks has not provided any sound reasons why he could not have brought these arguments earlier. While he argued in the petition at issue here that he could not have raised these arguments earlier because he did not have his case file, we rejected this argument in his prior appeal. "Although he contends that he did not have access to his 'case file' for some unspecified amount of time, nothing from that file was attached to his coram nobis petition, and he has not otherwise demonstrated that the lack of access to that file prevented him from raising his claims earlier." Banks, 674 Fed.Appx. at 124.

Banks also appeared to argue in his petition that the District Court lacked jurisdiction because a Magistrate Judge entered a plea of not guilty for him. However, if true, this would not undermine his guilty plea, which Banks entered into before a District Court Judge.[2]

While Banks stated in his coram nobis petition that he was seeking a writ of audita querela in the alternative, he correctly noted that audita querela is not applicable because he had not shown how a motion under 28 U.S.C. § 2255 would be inadequate or ineffective. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, we will summarily affirm the District Court's August 4, 2017 judgment. See 3d Cir. I.O.P. 10.6. Banks's motion for the appointment of counsel is denied.

---

**2.** The electronic docket does not indicate the involvement of a Magistrate Judge in Banks's plea hearings.